```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

ERICA VASCONCELLOS, as            :
Administratrix of the Estate
of Dashawn Vasconcellos, deceased :
and ERICA VASCONCELLOS,            12 Civ. 8445 (CM)(HBP)
Individually,                     :
                                  REPORT AND
              Plaintiff,    :     RECOMMENDATION

    -against-                     :

THE CITY OF NEW YORK, et al.,     :

              Defendants.   :

----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE COLLEEN MCMAHON, United States

District Judge,

I.   Introduction

Defendants move to recover monetary sanctions against

plaintiff's counsel, Michael Colihan, Esq., pursuant to the

court's inherent power and 28 U.S.C. § 1927 (Notice of Motion,

dated January 28, 2015 (Docket Item 84)).

For the reasons set forth below, I respectfully recommend that defendants' motion for sanctions be granted in the amount of $3,003.75.[1]

## II.  Facts

Defendants' motion for sanctions arises out of a deposition that plaintiff noticed but that never took place.

On November 5, 2014, plaintiff's counsel provided defendants' counsel with a copy of a subpoena that plaintiff's counsel had served on Mitchie Derbie, an alleged nonparty witness to the shooting that gives rise to this action (Declaration of Richard Weingarten, Esq., in Support of Motion for Sanctions, dated January 28, 2015 (Docket Item 85) ("Weingarten Decl.") ¶ 6, Ex. A).  After some negotiation to accommodate other professional

---

[1]The Court of Appeals for the Second Circuit has not resolved whether a magistrate judge can impose sanctions under the Court's inherent power or Section 1927 or can only recommend the imposition of such sanctions.  Kiobel v. Millson, 592 F.3d 78, 79-80 (2d Cir. 2010); accord Houston v. Manheim-New York, 475 F. App'x 776, 779 (2d Cir. 2012) (summary order); Gelicity UK Ltd. v. Jell-E-Bath, Inc., 10 CV 5677 (ILG)(RLM), 2014 WL 1330938 at *1 n.1 (E.D.N.Y. Apr. 1, 2014) (adopting Report & Recommendation).  But see Novelty Textile Mills, Inc. v. Stern, 136 F.R.D. 63, 75 (S.D.N.Y. 1991) (Lee, M.J.) ("[P]ecuniary sanctions are not 'dispositive' orders and may therefore be entered by Magistrates, even in the absence of consent, pursuant to the power to 'hear and determine' conferred by § 636(b)(1)(A).").  Because the issue is unsettled, I address defendants' motion as a report and recommendation.

2

commitments, counsel for both sides agreed that the deposition would proceed on December 3, 2014 at 11:00 a.m. at the offices of David Feldman Worldwide ("DFW"), a court reporting company (Weingarten Decl. ¶¶ 8-10, Ex. B).

Defendants' counsel attempted to confirm this date with plaintiff's counsel on November 20, 2014 by email (Weingarten Decl. ¶ 12, Ex. C). Plaintiff's counsel responded sarcastically and told defendants' counsel to "[a]sk [his] clients" whether the deposition would proceed (Weingarten Decl. ¶ 13, Ex. C).[2]

Counsel discussed the Derbie deposition at a discovery conference before me on November 25, 2014 (Weingarten Decl. ¶¶ 14-15). Plaintiff's counsel gave every indication at that conference that the deposition was still scheduled, and defendants' counsel adjourned a court conference in another matter in order to be available for the Derbie deposition on December 3, 2014 (Weingarten Decl. ¶ 16).

Defendants' counsel appeared at DFW's office on December 3, 2014 at 10:45 a.m. to attend the deposition and to cross-

---

[2]This is a wrongful death arising out of the shooting of plaintiff's decedent by New York City Police officers. Plaintiff's counsel has repeatedly claimed that members of the Police Department have interfered with discovery and used intimidation to discourage Mr. Derbie from testifying. Plaintiff's counsel has not, however, offered any evidence to support his argument, and there is nothing currently in the record that suggests any misconduct by defendants' or their attorney.

examine Mr. Derbie (Weingarten Decl. ¶ 18).  Neither the witness
nor plaintiff's counsel appeared, and defendants' counsel was
advised by DFW's staff that plaintiff's counsel had not made any
arrangements to conduct a deposition in this matter at DFW on any
date (Weingarten Decl. ¶¶ 19-20).

When defendants' counsel subsequently inquired of
plaintiff's counsel why the deposition had not taken place,
plaintiff's counsel responded as follows:

> I guess we are back to a Law Dept favorite -- shared by
> its clients -- pretending not to understand plain
> English.  As I indicated several times -- including in
> open court -- I DO NOT HAVE A WORKING CONTACT NUMBER
> FOR MR. DERBY [sic], THERE WAS NO WAY TO CONFIRM HIS
> APPEARANCE THANKS TO YOUR CLIENTS[.]  If you would like
> that number please provide a signed copy of the confi-
> dentiality agreement as you said you would.
>
> It appears that your clients have managed to scare Mr.
> Derby off.  In addition, when litigating with reason-
> able people, an email or phone call is exchanged a day
> or two to confirm the depositions.  The fact that you
> chose to proceed to the reporter's office without that
> confirmation was your choice, sir.
>
> Looks like we have something else to litigate here.

(Weingarten Decl., Ex. E (emphasis in original)).

In response to defendants' counsel's motion, plain-
tiff's counsel "concede[s] that the better practice may have been
to specifically confirm with the defendant's counsel that the
matter was not going forward," but that he "did not intentionally
send Mr. Weingarten to a deposition knowing that no one would

4

appear" (Declaration of Michael Colihan in Opposition to Motion
for Sanctions, dated February 4, 2015 (Docket Item 88) ("Colihan
Decl.") ¶ 2).  Plaintiff's counsel states that, given his inabil-
ity to reach the nonparty witness and what he considered defen-
dants' counsel's failure to confirm, it was reasonable for him to
assume that defendants' counsel knew that the deposition would
not take place (Colihan Decl. ¶ 4).  He does not controvert the
assertion that he never scheduled Mr. Derbie's deposition with
DFW.

III. <u>Analysis</u>

          Defendants' counsel seeks sanctions consisting of
attorney's fees pursuant to the court's inherent power or 28
U.S.C. § 1927.

     A.   <u>Sanctions</u>

          "[A]ny federal court . . . may exercise its inherent
power to sanction a party or an attorney who has 'acted in bad
faith, vexatiously, wantonly, or for oppressive reasons.'"
<u>Ransmeier v. Mariani</u>, 718 F.3d 64, 68 (2d Cir. 2013), <u>quoting</u>
<u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 45-46 (1991).

               [I]n <u>Residential Funding</u>, the Court of Appeals reiter-
               ated that "[e]ven in the absence of a discovery order,
               a court may impose sanctions on a party for misconduct

5

in discovery under its inherent power to manage its own affairs."  306 F.3d at 106-07 (citing DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 135-36 (2d Cir. 1998)); see generally Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) ("it has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court because they are necessary to the exercise of all others'") (quoting United States v. Hudson, 7 Cranch 32, 34, 3 L.Ed. 259 (1812)).  Like sanctions under § 1927, sanctions under the Court's inherent power require a finding of bad faith.

Metro. Opera Ass'n v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union, 212 F.R.D. 178, 220 (S.D.N.Y. 2003) (Preska, D.J.), adhered to on reconsideration, 00 Civ. 3613 (LAP), 2004 WL 1943099 (S.D.N.Y. Aug. 27, 2004).

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexa- tiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  "Section 1927 authorizes the imposition of sanctions only 'when there is a finding of conduct constituting or akin to bad faith.'"  State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 180 (2d Cir. 2004), quoting Sakon v. Andree, 119 F.3d 109, 114 (2d Cir. 1997).  "Under [Section 1927], a party must show bad faith, which is satisfied when 'the attorney's actions are so completely without merit as to require the conclusion that they

must have been undertaken for some improper purpose such as delay.'" Metro. Opera Ass'n v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union, supra, 212 F.R.D. at 220, quoting Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986).

"[T]he court's factual findings of bad faith must be characterized by a high degree of specificity." Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 338 (2d Cir. 1999), quoting Milltex Indus. Corp. v. Jacquard Lace Co., 55 F.3d 34, 38 (2d Cir. 1995); see also Hollon v. Merck & Co., 589 F. App'x 570, 572 (2d Cir. 2014) (summary order) ("[T]he district court did not make the requisite factual findings of bad faith characterized by a high degree of specificity." (internal quotation marks and alteration omitted)).  In addition, for the imposition of sanctions to be authorized, there must be clear evidence of bad faith.  Avent v. Solfaro, 223 F.R.D. 184, 188 (S.D.N.Y. 2004) (Ellis, M.J.), citing Mone v. Comm'r of Internal Revenue, 774 F.2d 570, 574 (2d Cir. 1985); accord Capital Bridge Co. v. IVL Techs. Ltd., 04 Civ. 4002 (KMK), 2007 WL 3168327 at *8 (S.D.N.Y. Oct. 26, 2007) (Karas, D.J.).

Here, neither plaintiff's counsel nor the witness ever appeared for the deposition that plaintiff's counsel had noticed. More troubling, plaintiff's counsel never even made any arrangements with DFW to conduct the deposition at its offices -- a fact

that suggests plaintiff's counsel knew that the witness would not be appearing.  In addition, at a conference before me on November 25, 2014, a week before the deposition was supposed to occur, plaintiff's counsel stated that he had scheduled the deposition and gave no indication that there was any doubt concerning the witness' appearance.  The day after the date on which the deposition was scheduled, plaintiff's counsel, without any evidence, blamed defendants' counsel for "scaring off" the nonparty witness (Weingarten Decl., Ex. E).  However, in addition to being unsupported by any evidence, this charge does not explain why plaintiff's counsel failed to appear for the deposition.  Although plaintiff's counsel states in his affidavit opposing this motion that he did not intentionally send defendants' counsel to the deposition knowing it would not take place, this statement is not credible.  Plaintiff's counsel had previously told defendants' counsel that the deposition would go ahead on December 3, 2014 even if defendants' counsel could not attend (see Weingarten Decl., Ex. B), yet plaintiff's counsel never even booked a court reporter.

        Plaintiff's counsel's failure to advise defendants' counsel that Derbie would not be appearing for his deposition or that his attendance was doubtful was in bad faith and had no possible proper purpose.  See Gallop v. Cheney, 667 F.3d 226, 230

(2d Cir. 2012) (per curiam); Salovaara v. Eckert, 222 F.3d 19, 35
(2d Cir. 2000) ("[B]ad faith may be inferred 'only if actions are
so completely without merit as to require the conclusion that
they must have been undertaken for some improper purpose such as
delay.'"), quoting Shafii v. British Airways, PLC, 83 F.3d 566,
571 (2d Cir. 1996); Hudson Motors P'ship v. Crest Leasing En-
ters., Inc., 845 F. Supp. 969, 978-79 (E.D.N.Y. 1994); Scotch
Game Call Co. v. Lucky Strike Bait Works, Ltd., 148 F.R.D. 65,
67-68 (W.D.N.Y. 1993) (finding bad faith where "[p]laintiff's
counsel refused what the record shows to be a reasonable request
for an extension of time, forced opposing counsel to file a
motion for an extension, opposed the motion without making any
effort whatsoever to justify or explain its position, sent an
associate of local counsel's firm to the argument with no knowl-
edge of the case and who could not explain the client's position,
and forced the court to rule on an unnecessary motion").

I appreciate that counsel cannot guarantee the
appearance of a nonparty witness, and I do not mean to suggest by
this decision that any time a nonparty witness fails to appear
that sanctions against the attorney who noticed the deposition
are appropriate.  Plaintiff's counsel in this case did not even
book a court reporter, strongly suggesting that plaintiff's
counsel knew that the deposition would not take place.  It is

this fact, in conjunction with plaintiff's counsel's failure to give notice to defendants' counsel, that leads me to conclude that plaintiff's counsel was acting in bad faith.

Accordingly, I recommend imposing sanctions on plaintiff's counsel.

B.   <u>Reasonable Fee</u>

Defendants' counsel seeks attorney's fees for time spent preparing for Mr. Derbie's deposition, communicating with his adversary, appearing for a court conference, appearing for Mr. Derbie's deposition, and preparing the instant motion and reply for a total of 35.25 hours at a requested hourly rate of between $225 and $275, which yields a fee of $7,931.25 to $9,693.75, depending upon the hourly rate used (Memorandum of Law in Support of Motion for Sanctions, dated January 28, 2015 (Docket Item 86) ("Defs.' Mem.") at 9; Defendants' Reply Memorandum of Law in Further Support of Their Motion for Sanctions, dated February 6, 2015 (Docket Item 90) ("Defs.' Reply") at 8).

1.   Reasonable
<u>Hourly Rate</u>

Defendants' counsel contends that his hourly rate for the purposes of this motion should be between $225 and $275

(Defs.' Mem. at 11).  Defendants' counsel argues that such an
hourly rate is warranted based on his education and legal experi-
ence (Defs.' Mem. at 11).  Defendants' counsel graduated from law
school in May 2011 (Weingarten Decl. ¶ 24), and he began working
as an Assistant Corporation Counsel in the New York City Law
Department's Special Federal Litigation Division in September
2011 (Weingarten Decl. ¶ 1).

Plaintiff's counsel seeks to reduce defendants' coun-
sel's hourly rate, arguing that Mr. Weingarten "somewhat fudges
and appears to exaggerate his actual time as an admitted attor-
ney" because defendants' counsel was not admitted to the bar
until 2012 (Colihan Decl. ¶ 10).  Plaintiff's counsel's conten-
tion is without merit.  Defendants' counsel stated that he
graduated from law school in 2011 and began working at the New
York City Law Department in September 2011.  He clearly would not
have been admitted to the bar at that time.

Given defendants' counsel's education, approximately
three years' experience (Weingarten Decl. ¶¶ 24-25), and the fact
that he appears to be the sole attorney handling this case, I
find his suggested rate of $225 per hour to be reasonable.  See
Charles v. City of New York, 13 Civ. 3547 (PAE), 2014 WL 4384155
at *4 (S.D.N.Y. Sept. 4, 2014) (Engelmayer, D.J.) ("In light of
the prevailing rate for junior associates doing civil rights

11

litigation in this district, a rate of $225 per hour is reason-
able [for an associate with four years of experience]."); Galeana
v. Lemongrass on Broadway Corp., 10 Civ. 7270 (GBD)(MHD), 2014 WL
1364493 at *14 (S.D.N.Y. Apr. 4, 2014) (Daniels, D.J.) (adopting
Report & Recommendation) ("As a junior associate at the firm who
has been focusing on FLSA claims since 2006, Ms. Rivero is
entitled to the requested rate of $250 per hour."); Novick v. AXA
Network, LLC, supra, 2013 WL 6508252 at *1 (associates at rate of
$225 is reasonable); Chen v. TYT E. Corp., 10 Civ. 5288
(PAC)(DF), 2013 WL 1903735 at *3 (S.D.N.Y. May 8, 2013) (Crotty,
D.J.) ($250 per hour appropriate for associate at a large firm
with three and a half years of experience); Aqudelo v. E & D LLC,
12 Civ. 960 (HB), 2013 WL 1401887 at *2 (S.D.N.Y. Apr. 4, 2013)
(Baer, D.J.) ($200 per hour appropriate for an associate with
three years experience); Thai-Lao Lignite (Thailand) Co. v. Gov't
of Lao People's Democratic Republic, 10 Civ. 5256 (KMW)(DF), 2012
WL 5816878 at *6 (S.D.N.Y. Nov. 14, 2012) (Freeman, M.J.) ("This
Court has recently awarded fees at rates in the range of $200-300
per hour for junior associates at large firms."); Gurung v.
Malhotra, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012) (Marrero,
D.J.) (adopting Report & Recommendation) (hourly rate of $250 -
$450 appropriate for experienced civil rights litigators), LV v.
N.Y.C. Dep't of Educ., 700 F. Supp. 2d 510, 519-20 (S.D.N.Y.

2010) (Holwell, D.J.) (awarding junior associate who worked on all aspects of case $275 per hour).

      2.    Reasonable
            Number of Hours

Defendants' counsel seeks fees for a total of 35.25 hours (Defs.' Mem., Ex. F; Defs.' Reply, Ex. H).

> "Applications for fee awards should generally be docu-
> mented by contemporaneously created time records that
> specify, for each attorney, the date, the hours ex-
> pended, and the nature of the work done." Kirsch v.
> Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998). If
> the court determines that the number of hours expended
> is excessive, redundant, or otherwise unnecessary, the
> court may make reductions to individual entries, or
> elect to account for such over-billing in an across-
> the-board percentage deduction. See Luciano v. Olsten
> Corp., 109 F.3d 111, 117 (2d Cir. 1997) (citation
> omitted). In calculating the numbers of reasonable
> hours, the court looks to "its own familiarity with the
> case and its experience with the case as well as to the
> evidentiary submissions and arguments of the parties."
> Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992).

KGK Jewelry LLC v. ESDNetwork, 11 Civ. 9236 (LTS)(RLE), 2015 WL 899016 at *3 (S.D.N.Y. Mar. 3, 2015) (Ellis, M.J.).

Plaintiff's counsel contends that the records defen-

dants' counsel proffers should be rejected because they are not

contemporaneous time records (Colihan Decl. ¶¶ 11-12).[3]  I find

---

[3]Plaintiff's counsel also submitted an additional untimely
response (Affidavit in Opposition, dated February 17, 2015
(Docket Item 98) ("Colihan Aff.")).  In that response, plain-
tiff's counsel argues that I should impose a lesser sanction than

defendants' counsel's time records to be contemporaneous.  There
is no evidence that these records were created after the fact,
and defendants' counsel states that the records were kept contem-
poraneously (Declaration of Richard Weingarten, dated May 29,
2015 (Docket Item 138)).  It is sufficient that defendants'
counsel kept contemporaneous time records, later entering them
into a computer database, screenshots of which he has submitted
here.  Lenihan v. City of New York, 640 F. Supp. 822, 824
(S.D.N.Y. 1986) (Conner, D.J.) ("The Court routinely receives
computerized transcriptions of contemporaneous time records from
firms whose billing records are maintained in computers."); see
also Jerolmon v. Astrue, No. 3:10-CV-267 (CSH), 2013 WL 210898 at
*3 (D. Conn. Jan. 18, 2013).

        a.    Recoverable Hours

        Defendants' counsel's recoverable legal expenses are
limited to the expenses incurred as a result of plaintiff's
counsel's bad faith conduct.  KGK Jewelry LLC v. ESDNetwork,

---

defendants' counsel seeks because plaintiff's counsel previously
was awarded approximately $700 for three nonappearances at
depositions by his adversary in an unrelated case (Colihan Aff.
¶¶ 3, 5-6).  However, in that case, the parties did not submit
formal motion papers and therefore the costs and fees incurred
were different than those in this case (see Transcript, annexed
to Colihan Aff., at 11-12).

supra, 2015 WL 899016 at *3, citing Chambers v. NASCO, Inc.,
supra, 501 U.S. at 50 and Walker v. Smith, 277 F. Supp. 2d 297,
301 (S.D.N.Y. 2003) (Sweet, D.J.).

      Defendants' counsel's application improperly includes
fees that are not a result of plaintiff's counsel's bad faith
conduct.  In particular, I decline to award fees for the six and
one half hours defendants' counsel spent preparing for Mr.
Derbie's deposition.  The parties subsequently did depose Mr.
Derbie on March 5, 2015, and, therefore, the time spent preparing
for his deposition was not wasted.  Similarly, I decline to award
fees for the one and one-half hours defendants' counsel seeks for
the conference regarding the disclosure of Mr. Derbie's telephone
number.  This conference preceded plaintiff's counsel's bad faith
conduct, and could not, therefore, be the product of such con-
duct.  Lastly, defendants' counsel seeks compensation for five
hours described simply as "motion practice" (Weingarten Decl.,
Ex. F at 8, 10).  This is in contrast to another entry of twelve
hours described as "motion practice - sanctions" (Weingarten
Decl., Ex. F at 11-15).  While neither description is specific,
it is not at all clear that the five hours attributed to "motion
practice" relate to defendants' motion for sanctions.  Accord-
ingly, I decline to award counsel fees for those hours.

b.   <u>Vagueness</u>

Defendants' counsel has not provided detailed descriptions of his hours.  For example, Defendants' counsel seeks compensation for hours billed that are described simply as "communication with adversary" and "correspondence" (Weingarten Decl., Ex. F at 1-2, 9).  While defendants' counsel is entitled to fees for the time spent communicating with plaintiff's counsel about the scheduling of Mr. Derbie's deposition, he is not entitled to fees for the time spent communicating with plaintiff's counsel on other matters.  The time records here do not specify what the communications were about.

The vagueness of defendants' counsel's descriptions makes it impossible to determine whether the hours for which compensation is sought relate to the instant motion or the deposition at issue and whether the time spent was reasonable. See e.g., <u>Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic</u>, <u>supra</u>, 2012 WL 5816878 at *10 ("Generalized descriptions like these are insufficient to allow the Court to determine what research or other tasks the attorneys were actually performing, and therefore whether the amount of time expended was reasonable."), <u>citing</u> <u>Vishipco Line v. Charles Schwab & Co.</u>, 02 Civ. 7823, 7846, 7877, 7915, 7928, 7929 (SHS),

16

2003 WL 1936142 at *2 (S.D.N.Y. Apr. 23, 2003) (Stein, D.J.)
("legal research" too vague to determine whether time expended
was reasonable) and Shannon v. Fireman's Fund Ins. Co., 156 F.
Supp. 2d 279, 301 (S.D.N.Y. 2001) (Scheindlin, D.J.) (same);
Marisol A. ex rel. Forbes v. Giuliani, supra, 111 F. Supp. 2d
381, 396-97, 397 n.10 (S.D.N.Y. 2000) (Ward, D.J.) (concluding
that "some of the time entries are so vague that the Court is
unable to determine whether the time was reasonably expended").

        Courts routinely respond to such vague entries by an
across the board percentage reduction of fees.  See Custodio v.
Am. Chain Link & Const., Inc., 06 Civ. 7148 (GBD)(HBP), 2014 WL
116147 at *15 (S.D.N.Y. Jan. 13, 2014) (Daniels, D.J.) (adopting
Report & Recommendation); Thai-Lao Lignite (Thailand) Co. v.
Gov't of Lao People's Democratic Republic, supra, 2012 WL 5816878
at *11 ("Courts frequently respond to vague and difficult-to-
decipher billing statements with an across-the-board percentage
reduction in the fees claimed, often in the range of 20-30
percent."), citing Kirsch v. Fleet St. Ltd., 148 F.3d 149, 173
(2d Cir. 1998) (upholding twenty percent reduction in billed time
for vagueness and other deficiencies where many time entries
merely read "letter to court," "staff conference," and "work on
motion"), Terminate Control Corp. v. Nu-Life Constr. Corp., 28
F.3d 1335, 1342-43 (2d Cir. 1994) (holding 30% fee reduction for

"lack of specific record keeping" was within the district court's discretion) and N.Y. State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983); Tucker v. Mukasey, 03 Civ. 3106 (LTS)(FM), 2008 WL 2544504 at *1-*2 (S.D.N.Y. June 20, 2008) (Swain, D.J.) (reducing comparable time by 30% because entries "fail[ed] to describe adequately the nature of the calls, the contents of the reports or documents, or the topics of the discussions").

In addition, defendants' counsel recorded his time in fifteen-minute increments, rather than the typical six-minute increment.  See Abel v. Town Sports Int'l, LLC, 09 Civ. 10388 (DF), 2012 WL 6720919 at *30 (S.D.N.Y. Dec. 18, 2012) (Freeman, M.J.) ("Quarter-hourly billing has been deemed a practice that adds an upward bias in virtually all cases and therefore justi-fies some further conservatism in calculating the amount of compensable time." (internal quotation marks omitted)); Gutman v. Klein, 03 CV 1570 (BMC)(RML), 2010 WL 4975593 at *20 (E.D.N.Y. Aug. 19, 2010) (reducing hours by 20 percent of firm billing in 15-minute increments).

For the foregoing reasons, an additional forty percent reduction in hours is appropriate here.

IV.   Conclusion

For all the foregoing reasons, I respectfully recommend that defendants be awarded the sum of $3,003.75 as a result of plaintiff's failure to advise defendants in a timely manner that the Derbie deposition would not be taking place.  This sum is calculated as follow:

| | |
|---|---|
| 35.25 hours | Total hours claimed. |
| - 13.00 hours | Hours not resulting from plaintiff's counsel's bad faith conduct. |
| 22.25 hours | Subtotal |
| X  .6 | 40% reduction for vague entries, etc. |
| 13.35 | Compensable Hours |
| X  225.00 | Hourly Rate |
| $3003.75 | Total Award |

V.   Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable

19

Collen McMahon, United States District Judge, 500 Pearl Street, Room 1640, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge McMahon. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983) (per curiam).

Dated:   New York, New York
         June 1, 2015

                                        Respectfully submitted,


                                        HENRY PITMAN
                                        United States Magistrate Judge


Copies transmitted to:

Michael Colihan, Esq.
44 Court Street, Room 906
Brooklyn, New York 11201

Richard K. Weingarten, Esq.
Alison G. Moe, Esq.
Cecilia A. Silver, Esq.

20

Morgan D. Kunz, Esq.
New York City Law Department
100 Church Street
New York, New York 10007