12 Civ. 8445 (CM)(HBP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERICA VASCONCELLOES as Administratrix of the Estate of Dashawn Vasconcellos, deceased and ERICA VASCONCELLOS, individually,

             Plaintiffs,

-against-

THE CITY OF NEW YORK, SERGEANT JOSEPH CRUZADO, Sh. #11022 DET. RAFAEL RAMOS, Sh. # 6794, DET. DONNELL MYERS, Sh. #10314, SERGEANT RICHARD ZACARESE, Sh.#1818, & POLICE OFFICER JOHN DOE 1-10,

             Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Richard Keith Weingarten*
*Tel: (212) 356-2356*
*Matter No. 2012-050093*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ......................................................................................................... 2

STANDARD OF REVIEW ........................................................................................................ 3

ARGUMENT .............................................................................................................................. 4

    I.    THE SHOOTING OF VASCONCELLOS WAS NOT A "DIFFICULT CHOICE" OF THE SORT THAT TRAINING WOULD MAKE LESS DIFFICULT ........................................ 6

    II.    DEFENDANT CITY WAS NOT ON NOTICE THAT NYPD POLICE OFFICERS HAVE EVER MURDERED CIVILIANS IN COLD-BLOOD ............................................. 9

CONCLUSION ......................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                  **Pages**

*Anderson v. Liberty Lobby, Inc.,*
   477 U.S. 242 (1996)...................................................................................................... 3

*Atwood v. Town of Ellington*,
   427 F. Supp. 2d 136 (D. Conn 2006)............................................................................ 8

*City of Canton v. Harris,*
   489 U.S. 378 (1989)...................................................................................................... 6

*City of St. Louis v. Praprotnik,*
   485 U.S. 112 (1985)...................................................................................................... 5

*Colon v. City of New York*,
   09 CV 8, 09 CV 9 (JBW), 2009 U.S. Dist. LEXIS 110520 (E.D.N.Y. Nov. 25, 2009)......... 4, 9

*Connick v. Thompson*,
   131 S. Ct. 1350, 1360 (2011).......................................................................................... 9

*Doe v. City of New York*,
   2013 U.S. Dist. LEXIS 30010 (S.D.N.Y. Mar. 14, 2013) ............................................ 8

*First National Bank of Arizona v. Cities Service Co.*,
   391 U.S. 253 (1968)) ..................................................................................................... 3

*Green v. City of New York*,
   465 F.3d 65 (2d Cir. 2006)............................................................................................. 6

*Jeffreys v. Rossi,*
   275 F. Supp. 2d 463 (S.D.N.Y. 2003), *aff'd*, 426 F.3d 549 (2d Cir. 2005) ................. 3

*Jenkins v. City of New York,*
   478 F.3d 76 (2d Cir. 2007)............................................................................................. 6

*Kogut v. County of Nassau*,
   06 CV 6695(JS)(WDW), 2012 U.S. Dist. Lexis 121458 (E.D.N.Y. Aug. 27, 2012) ................. 8

*Marquez v. Town of Dewitt*,
   11 CV 750 (FJS), 2015 U.S. Dist. LEXIS 9523 (N.D.N.Y. Jan. 28, 2015)................ 8

| **Cases** | **Pages** |
|---|---|

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ................................................................................................ 3

*Mercado v. City of New York*,
   08 Civ. 2855(HP), 2011 U.S. Dist. LEXIS 140430 (S.D.N.Y. Dec. 5, 2011) ........................... 5

*Monell v. City of New York Department of Social Services*,
   436 U.S. 658 (1978) ........................................................................................ 1, 3, 6

*Oklahoma City v. Tuttle*,
   471 U.S. 808 (1985) ................................................................................................ 5

*Pembaur v. City of Cincinnati*,
   475 U.S. 469 (1986) ................................................................................................ 5

*Savino v. City of New York*,
   331 F.3d 63 (2d Cir. 2003) ....................................................................................... 3

*Simms v. City of New York*,
   480 F. App'x 627 (2d Cir. 2012) ............................................................................. 9

*Sorlucco v. New York City Police Dep't*,
   971 F.2d 864 (2d Cir. 1992) ............................................................................... 5, 10

*Vippolis v. Vill. of Haverstraw*,
   768 F.2d 40 (2d Cir. 1985) ...................................................................................... 6

*Walker v. City of New York*,
   14 Civ. 808 (ER), 2015 U.S. Dist. LEXIS 91410 (S.D.N.Y. July 14, 2015) ........................... 9

*Walker v. City of New York*,
   974 F.2d 293 (2d Cir. 1992) .................................................................................. 6, 7

| **Statutes** | **Pages** |
| --- | --- |
| 42 U.S.C. § 1983 | 1, 4, 5 |
| Fed. R. Civ. P. 56 | 1 |
| Fed. R. Civ. P. 56(a) | 3 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

ERICA VASCONCELLOES as Administratrix of the Estate of
Dashawn Vasconcellos, deceased and ERICA
VASCONCELLOS, individually,

                        Plaintiffs,

-against-

THE CITY OF NEW YORK, SERGEANT JOSEPH
CRUZADO, Sh. #11022 DET. RAFAEL RAMOS, Sh. # 6794,
DET. DONNELL MYERS, Sh. #10314, SERGEANT RICHARD
ZACARESE, Sh.#1818, & POLICE OFFICER JOHN DOE 1-10,

                        Defendants.
------------------------------------------------------------------------------- x

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

12 Civ. 8445 (CM)(HBP)

## Preliminary Statement

Plaintiff, Erica Vasconcellos, brings this action against defendants City of New York, Sergeant Cruzado, Detective Ramos, Detective Myers, and Lieutenant Zacarese ("City defendants") pursuant to 42 U.S.C. § 1983 on behalf of her deceased son, Dashawn Vasconcellos ("Vasconcellos"), who passed away on or about November 22, 2009 after he was shot by several police officers.[1]  Following the City defendants' motion to dismiss the Amended Complaint, only plaintiff's claim for municipal liability, pursuant to *Monell v. City of New York Department of Social Services*, 436 U.S. 658 (1978), against the City of New York remains.  *See* Docket Entry No. 52, at p. 21.  However, the Court subsequently granted defendants' request to bifurcate *Monell* discovery, unless plaintiff withstands the within motion.  Accordingly, the City defendants respectfully submit this memorandum of law in support of their motion for summary judgment pursuant to FED. R. CIV. P. 56 on the ground that plaintiff has failed to demonstrate that

---

[1] For the sake of clarity, defendants will refer to Erica Vasoncellos by her full name and Dashawn Vasconcellos as "Vasconcellos."

there is a material issue of disputed fact regarding the City's purported failure to train its officers on the use of deadly force.

## **Statement of Facts**[23]

At approximately 11:30 p.m. on November 21, 2009, Lieutenant Zacarese, Sergeant Cruzado, Detective Ramos, and Detective Myers were conducting gang surveillance in Far Rockaway.  *See* Defendants' Local Civil Rule 56.1 Statement of Undisputed Facts ("Defs' 56.1"), at ¶ 11.  As they drove by Bayswater Park, they observed Dashawn Vasconcellos, Derbie Michel, and Cordel Rose.  Defs' 56.1 at ¶¶ 14, 15.  The officers attempted to stop Vasconcellos, Michel, and Rose, but the three men fled.  Defs' 56.1 at ¶¶ 18 – 21.  Detective Myers chased Michel and Rose, while Lt. Zacarese and Detective Ramos pursued Vasconcellos on foot and Sergeant Cruzado followed in his vehicle.  Defs' 56.1 at ¶¶ 22 – 24.  After running through several streets encircling an adjacent shopping mall, Vasconcellos ended up on Bay 32nd Street.  Defs' 56.1 at ¶¶ 27, 30.  With Sgt. Cruzado's vehicle blocking Vasconcellos' path from the front, and Lt. Zacarese and Detective Ramos approaching from the rear, Vasconcellos – who did not possess any weapons – dropped to his knees, raised his hands in the air, and stated, "I give up."  Defs' 56.1 at ¶¶ 33, 36.  Despite Vasconcellos' unconditional surrender, and though he was surrounded, Lt. Zacarese, Sgt. Cruzado, and Detective Ramos opened fire.  Defs' 56.1 at ¶¶ 33, 37, 38.  Vasconcellos sustained eleven gunshot wounds and was pronounced dead during the early morning hours of November 22, 2009 at Jamaica Hospital.  *Id.* at ¶¶ 46, 53.

---

[2] For a complete statement of undisputed facts, the Court is respectfully referred to defendants' Local Civil Rule 56.1 Statement of Undisputed Facts, dated July 17, 2015, and submitted concurrently herewith.  However, for the Court's convenience, defendants will provide an abbreviated version of the facts herein.

[3] Defendants note that the facts contained herein are undisputed solely for purposes of defendants' motion for summary judgment, and reserve the right to dispute any such fact in the event this motion is denied.

## **Standard of Review**

In order to be entitled to summary judgment, the moving party must demonstrate that "no genuine issue of material fact exists." *Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 473 (S.D.N.Y. 2003), *aff'd*, 426 F.3d 549 (2d Cir. 2005); *see also* FED. R. CIV. P. 56(a). Once the moving party has discharged its burden, the non-moving party "must raise a genuine issue of material fact" that requires a trial. *Jeffreys*, 275 F. Supp. 2d at 473. In order to raise a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, . . . and [] may not rely on conclusory allegations or unsubstantiated speculation." *Id*. at 473-74 (internal quotation marks and citations omitted). "Rather, the non-moving party must produce admissible evidence that supports her pleadings." *Id*. at 474 (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289-90 (1968)). "Summary judgment is appropriate . . . if the evidence presented by the nonmoving party is merely colorable, or is not significantly probative . . . or if it is based purely on conjecture or surmise." *Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir. 2003)(internal quotation marks and citations omitted).

Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(internal quotation marks and citations omitted). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1996)(emphasis in original).

3

**Argument**

Plaintiff's Amended Complaint contains an amorphous *Monell* claim which alleges that defendant City "was aware that the defendants and other members of the NYPD…have a tendency and predisposition for unlawful, illegal and unconstitutional conduct" and have "failed to properly train, retain[,] supervise[,] discipline and monitor the defendants [and] other members of the service guilty of similar abuses." *See* Plaintiff's Amended Complaint ("PAC"), annexed to the Declaration of Richard Weingarten dated February 10, 2015 ("RW Decl."), as Ex. A, at ¶¶ 22 – 31.  As a basis for this claim, plaintiff makes reference to incidents involving former police officer Jerry Bowen and former NYPD Commissioner Bernard Kerik, and a judicial opinion authored by the Honorable Jack B. Weinstein in *Colon v. City of New York*, 09 CV 8, 09 CV 9 (JBW), 2009 U.S. Dist. LEXIS 110520 (E.D.N.Y. Nov. 25, 2009). *See* PAC, Ex. A, at ¶¶ 25 – 27.

Jerry Bowen pled guilty in 2011 to murdering his girlfriend *after* his departure from the police force[4] and Bernard Kerik, commissioner of the NYPD from 2000 – 2001, pled guilty to federal corruption charges in 2009 related to crimes he committed when he was commissioner of the New York City Department of Correction.[5]  The *Colon* matter related to the alleged falsification of drug charges against two individuals. *See Colon*, 2009 U.S. Dist. LEXIS 110520, at *2.

As mentioned briefly above, this Court issued a decision on October 2, 2014 granting in part, and denying in part, defendants' motion to dismiss. *See* Defs' 56.1 at ¶ 7.  In its decision, the Court explained that plaintiff's *Monell* claim was based on defendant City's alleged

---

[4] http://newyork.cbslocal.com/2011/01/21/ex-nypd-cop-pleads-guilty-to-murdering-girlfriend/.

[5] http://www.nydailynews.com/news/crime/bernard-kerik-pleads-guilty-lying-payoff-nypd-commish-admit-crime-article-1.414421

failure to properly train the individual defendants on the use of deadly force. *See* Docket Entry No. 52, at p. 20.

In order to hold a municipality liable as a "person" within the meaning of § 1983, a plaintiff must establish that the municipality itself was somehow at fault. *Oklahoma City v. Tuttle*, 471 U.S. 808, 810 (1985). A municipality may not be held liable under § 1983 on the basis of *respondeat superior*. *Monell*, 436 U.S. at 694-95. "The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused him injuries . . . . Second, the plaintiff must establish a causal connection – an affirmative link – between the policy and the deprivation of his constitutional rights." *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)(internal quotation marks and citation omitted). "To establish *Monell* liability, the causal link must be strong; that is, the policy must be the 'moving force' behind a constitutional violation." *Mercado v. City of New York*, 08 Civ. 2855 (BSJ)(HP), 2011 U.S. Dist. LEXIS 140430, at *23 (S.D.N.Y. Dec. 5, 2011)(*quoting Monell*, 436 U.S. at 691, 694).

To state a claim for municipal liability, a plaintiff must plausibly allege one of four different types of violations: (1) the existence of a formal policy, officially promulgated or adopted by a municipality, *Monell*, 436 U.S. at 690; (2) the official responsible for establishing policy, with respect to the subject matter in question to the specific action, caused the alleged violation of the plaintiff's rights, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986)(plurality opinion); (3) the existence of an unlawful practice by subordinate officials so permanent and well settled to constitute "custom or usage," with proof that this practice was so manifest as to imply the acquiescence of policy-making officials, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127-30 (1985)(plurality opinion), *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 871 (2d Cir. 1992); or (4) a failure to train or supervise that amounts to "deliberate

5

indifference" to the rights of those with whom the municipality's employees interact, *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Jenkins v. City of New York*, 478 F.3d 76, 94 (2d Cir. 2007).

If liability is based on the failure to train or supervise, a plaintiff must show "deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). The Second Circuit has set forth three requirements "for showing that a lack of training or supervision manifests deliberate indifference." *Green v. City of New York*, 465 F.3d 65, 80 (2d Cir. 2006)(*citing Walker v. City of New York*, 974 F.2d 293, 297-98 (2d Cir. 1992)). First, "the plaintiff must . . . allege that 'a policy-maker knows to a moral certainty that her employees will confront a given situation.'" *Id*. at 80-81 (*quoting Walker*, 974 F.2d at 297). Second, the situation must "either present[ ] the employee with a difficult choice of the sort that training or supervision will make less difficult or there is a history of employees mishandling the situation." *Id*. Third, mishandling of the situation must "frequently cause the deprivation of a citizen's constitutional rights." *Id*. Defendants respectfully submit that plaintiff cannot show that defendant City acted with requisite "deliberate indifference" based on the undisputed facts.

**1. THE SHOOTING OF VASCONCELLOS WAS NOT A "DIFFICULT CHOICE" OF THE SORT THAT TRAINING WOULD MAKE LESS DIFFICULT**

According to Michel, Vasconcellos was shot repeatedly after he dropped to his knees, placed his hands above his head, and stated to the officers, "I give up." *See* Defs' 56.1, at ¶¶ 36 – 38. Vasconcellos had committed no crime (nor was he suspected of doing so), was not in the midst of fleeing, possessed no weapon (nor an object perceived to be a weapon), and made no threatening gestures. *See* Defs' 56.1, at ¶¶ 17, 36. Yet, Detective Ramos, Lieutenant Zacarese, and Sergeant Cruzado shot and killed a defenseless man who had unambiguously

surrendered to the police. *See* Defs' 56.1, at ¶ 36. The only way to describe Vasconcellos' death – based on the currently undisputed facts – is an execution by firing squad. With this in mind, regardless of any *Monell* discovery plaintiff could ultimately be provided should this motion be denied, plaintiff is unable to demonstrate that the officers' decision to kill Vasconcellos in such an unjustified and cruel manner was a "difficult choice of the sort that training or supervision [would] make less difficult." *Walker*, 974 F.2d at 298. Needless to say, police officers are prohibited from committing execution-style murders.

The Second Circuit's decision in *Walker* is instructive. In *Walker*, the plaintiff alleged that the police department had an obligation to train and supervise officers not to commit perjury or aid in the prosecution of the innocent. *Walker*, 974 F.2d at 299. The Second Circuit stated that "where the proper response--to follow one's oath, not to commit the crime of perjury, and to avoid prosecuting the innocent--is obvious to all without training or supervision, then the failure to train or supervise is generally not 'so likely' to produce a wrong decision as to support an inference of deliberate indifference by city policymakers to the need to train or supervise." *Id*. at 299-300. Indeed, the Second Circuit explained that in the absence of countervailing evidence, City policy makers can reasonably assume that their employees possess common sense. *Id*.

So too here, it is common sense that the heinous murder of Vasconcellos – as described by Michel – was unconstitutional and illegal without the need for training or supervision. Detective Ramos, Lieutenant Zacarese, and Sergeant Cruzado <u>did not</u> shoot Vasconcellos while he fled, *see Walker*, 974 F.2d 293, 297 (A "difficult choice" includes the decision of "[w]hether to use deadly force in apprehending a fleeing suspect . . . because the use of more than the application of common sense is required") or because they believed, erroneously or not, that he posed some type of threat. Rather, the officers surrounded

7

Vasconcellos – who had committed no crime and posed no threat whatsoever – and pumped his body full of bullets as he knelt in submission, and in doing so, committed cold-blooded murder. Simply put, Detective Ramos, Lieutenant Zacarese, and Sergeant Cruzado's conduct was so deplorable and self-evidently illegal that defendant City is entitled to rely on a common sense theory that its officers – even without training – would not behave this way. *See e.g., Doe v. City of New York*, 2013 U.S. Dist. LEXIS 30010, at *14-15 (S.D.N.Y. Mar. 14, 2013)("Plaintiff has not plausibly alleged that either [the defendant officer's] decision to rape [plaintiff] or [another defendant officer's] decision to aid and abet that rape was a 'difficult choice of the sort that training or supervision will make less difficult.' It goes without saying that a police officer is prohibited from sexually assaulting an intoxicated woman when responding to a 911 call."); *Kogut v. County of Nassau*, 06 CV 6695(JS)(WDW), 2012 U.S. Dist. Lexis 121458, at *13 (E.D.N.Y. Aug. 27, 2012)("[T]o the extent that Plaintiffs rely on [an] expert report to show that the County was deliberately indifferent to the need to train its detectives not to physically abuse suspects in pursuit of a confession, this type of misconduct is so beyond the pale that--absent notice to the contrary--the County was entitled to rely on a common sense assumption that its officers would not behave this way"); *Marquez v. Town of Dewitt*, 11 CV 750 (FJS), 2015 U.S. Dist. LEXIS 9523, at *12 (N.D.N.Y. Jan. 28, 2015)(dismissing plaintiff's failure-to-train claim on summary judgment because there was "no allegation that the officers [when supervising visitors in the courtroom gallery] would have to use *anything more than their common sense* in deciding whether to remove individuals from the gallery")(emphasis added); *Atwood v. Town of Ellington*, 427 F. Supp. 2d 136, 145-146 (D. Conn 2006)(dismissing failure-to-train claim on summary judgment because it was a common sense judgment for an officer not to have sexual relations with an intoxicated woman that he took to a hotel during the course of his duties).

8

## 2. DEFENDANT CITY WAS NOT ON NOTICE THAT NYPD POLICE OFFICERS HAVE EVER MURDERED CIVILIANS IN COLD-BLOOD

A municipality may still be held deliberately indifferent, even if its employees were not confronted with a difficult choice, if "there is a history of employees mishandling the situation." *Id.* "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011).

Here, however, plaintiff has not alleged, let alone adduced any evidence of, such a history. Of the three factual allegations mentioned in the *Monell* portion of her complaint, only one (Bowen) has anything to do with murder and it related to a domestic incident when the subject officer was no longer employed as a police officer.[6] Likewise, plaintiff has not alleged, nor is there any evidence in the record to support a claim, that defendant City ever ignored complaints or allegations that Detective Ramos, Lieutenant Zacarese, and/or Sergeant Cruzado had murdered, or even discharged their firearms, at defenseless, unarmed, and non-threatening civilians. In sum, there is no evidence that defendant City was on notice of a single other

---

[6] It is also worth noting that just this week, the Honorable Edgardo Ramos dismissed a municipal liability claim – brought by a plaintiff represented by the same counsel as herein, Michael Colihan – pursuant to Fed. R. Civ. P. 12(b)(6), which was largely based on the exact same allegations regarding Bowen, Kerik, and *Colon*. *See Walker v. City of New York*, 14 Civ. 808 (ER), 2015 U.S. Dist. LEXIS 91410, at *16-25 (S.D.N.Y. July 14, 2015). In *Walker*, plaintiff claimed that the City acted with deliberate indifference through its failure to train police officers who subjected innocent citizens to excessive force. *Id.* at *17. In support of this claim, plaintiff cited the incidents involving Bower and Kerik, *Colon*, and numerous lawsuits brought by minorities against the City and NYPD officials. *Id.* at *18. In dismissing the municipal liability claim as conclusory, Judge Ramos noted that "the convictions of Kerik and Bowen have nothing to do with the particular claims that Plaintiff alleges against Defendants." *Id.* at *19. Likewise, Judge Ramos explained that "*Colon* did not constitute a finding of liability and that the plaintiffs [therein] alleged different injuries and blamed different city policies." *Id.* at *22; *see also Simms v. City of New York*, 480 F. App'x 627, 630 (2d Cir. 2012)("[The plaintiff's] citation [to *Colon*], in which another district court addressed the sufficiency under Fed. R. Civ. P. 12(b)(6) of a separate complaint premised on a different set of factual allegations, does not support an inference that [his] injuries were caused by the City's failure to train its employees").

9

instance of murder analogous to the circumstances of Vasconcellos perpetrated by a current and on-duty police officer such that the City was on notice that such police misconduct was caused by inadequate training or supervision. *See Sorlucco*, 971 F.2d at 870 ("Without notice that a course of training is deficient in a particular respect, decision[-]makers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights").

## Conclusion

For the reasons outlined herein, there is no issue of material fact warranting a trial in this matter. As such, the City defendants respectfully request that the Court grant the within motion for summary judgment, thus negating any possibility that plaintiff can succeed on her remaining claim for municipal liability, and dismiss plaintiff's Amended Complaint in its entirety and with prejudice.

Dated:     New York, New York
           July 17, 2015

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the
                                        City of New York
                                        *Attorney for Defendants City of New York, Sergeant Cruzado, Detective Ramos, Detective Myers, and Lieutenant Zacarese*
                                        100 Church Street, Room 3-212
                                        New York, New York 10007
                                        (212) 356-2356

                               By:             /s/
                                        Richard Weingarten
                                        *Assistant Corporation Counsel*
                                        Special Federal Litigation

## DECLARATION OF SERVICE BY MAIL

I, Richard Weingarten, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on July 17, 2015, I served the annexed MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT upon the plaintiff by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said counsel of record at the address set forth below, being the address designated by plaintiff for that purpose:

Michael Colihan, Esq.
Attorney for *Plaintiff*
44 Court Street, Suite 906
Brooklyn, New York 11201

Dated:     New York, New York
           July 17, 2015

_____
RICHARD WEINGARTEN
ASSISTANT CORPORATION COUNSEL

11