UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ERICA VASCONCELLOS, et al.,

        Plaintiff,

-against-                              12 Civ. 8445 (CM)(HBP)

CITY OF NEW YORK,

        Defendant.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/9/15

MEMORANDUM ORDER DENYING PLAINTIFF'S MOTION, MADE PURSUANT TO RULE 60(B), SEEKING TO OVERTURN THE DISMISSAL OF THIS ACTION AS TO THE INDIVIDUAL DEFENDANTS

McMahon, J.:

    Plaintiff has moved, pursuant to Fed. R. Civ. P. 60(b), for an order modifying this court's order dated October 2, 2014, which dismissed this action as against the individual defendants as time-barred, to deny that motion. The purported basis for the motion is the City's "judicial admissions" that the claims against the individual defendants have merit.

    The motion is DENIED.

    After deposing Derbie Michel, a purported witness to the shooting of Dashawn Vasconcellos, the City filed a motion for summary judgment dismissing the last remaining claim in suit – a *Monell* claim. For purposes of the motion, the City filed a Rule 56.1 statement in which it admitted Mr. Michel's version of the events that underlie this lawsuit. The City then filed a brief that said, in effect, "Assuming for the purposes of this motion that everything Mr. Michel alleges is true, it still does not make out a claim under *Monell* against the City of New York." Motions predicated on the argument that "even if the plaintiff is right about the facts, she is wrong on the law" are a perfectly acceptable litigation tactic, and litigants have the freedom to make such motions because this court's Local Rule 56.1 expressly provides that any admissions made in a Rule 56.1 statement are deemed admitted *for purposes of the motion only*. That means a party can "admit" facts that it intends to dispute at trial without suffering any prejudice – the "admission" is for the limited purpose of making the "even if" motion, so it neither binds the party going forward if the motion is denied nor can be admitted in evidence at trial.

Plaintiff's attorney obviously does not understand the limited nature of the "admissions" made in a Rule 56.1 statement. He has moved to overturn this court's decision dismissing the individual officer defendants (who were not named or served until long after the statute of limitations had passed) on the ground that the City made "judicial admissions" in connection with its motion – admissions that he (wrongly) believes can be introduced at trial – which prove that all the facts asserted by the plaintiff are true, and that reveal the officer defendants (all of whom were deposed in connection with this case) as admitted perjurers. Plaintiff's counsel decries the City's failure to "admit" Derbie's version of events sooner as a "massive coverup….the goal of which is to allow the killers to escape civil liability…by claiming the officers are murderers but only for the purpose of legal maneuvering but not in reality." (Moving Br., Docket #175, at 9). Needing to deal with the fact that the officers were dismissed because they were not sued within the limitations period, counsel claims that the court erred when it concluded that plaintiff's claim accrued on the day her son was shot. Instead, because of the purported "coverup" he argues that her claim did not accrue until the City "discover[ed] this affirmative wrongdoing and concealment" of the facts supporting plaintiff's claim that her son was unjustifiably murdered. Counsel invokes Rule 60(b)(2), which allows a court to relieve a party from a final judgment or order on the basis of newly discovered evidence – the "newly discovered evidence" being the facts that the City "admitted" in its Rule 56.1 motion for the limited purpose of making an "even if" motion for summary judgment.

The defects in the arguments made by plaintiff's counsel will be readily apparent to any reader (except, apparently, plaintiff's attorney). The Rule 56.1 Statement is not evidence; it is a procedural mechanism that allows a party to make a motion for summary judgment even when there will be disputed issues of fact at the trial. And the claim accrued when plaintiff had reason to know of her injury. Her injury was the death of her son. There is no "new" evidence and no "concealed" evidence that alters the date of accrual.

The City was entitled to make a motion for summary judgment. Such a motion is futile if there are disputed issues of fact, and the officers contradicted Derbie's testimony in every salient particular. So the City made an "even if" motion and asked the court to assume, for purposes of argument only, that everything Derbie said was true. Rule 56 would have required me to do so in any event, since a court must view the facts most favorably to the non-moving party when deciding a motion for summary judgment, and the officers' testimony does not described the facts in a manner that is at all "favorable" to plaintiff. As my colleague in the Eastern District, Judge Cogan, said in a similar case,

> The concession to plaintiffs' version that defendants must make
> on this {Rule 56] motion obviously is not binding at trial if the
> motion is denied; it is merely one aspect of the fundamental summary
> judgment rule that the facts must be viewed in the light most
> favorable to the opponent of the motions…Defendants must either
> concede these facts for the limited purpose of summary judgment
> (not trial) or admit that they have no viable motion.

*Rasmussen v. City of New York*, 10 CV 1088 (BMC)(E.D.N.Y. December 21, 2010)(see docket sheet).

Plaintiff's papers are filled with counsel's outrage; counsel decries what the City has done as "legal maneuvering" (as though that were a bad thing). Of course the City has engaged in legal maneuvering – but perfectly permissible legal maneuvering. Frankly, it is the City that has the right to be outraged – that any lawyer admitted to the Bar of this court could possibly make such a motion. That said, I urge the City not to move for sanctions, but instead to await a decision on its pending motion.

The clerk is directed to remove the motion at Docket #174 from the court's list of open motions.

Dated: September 9, 2015

_____
U.S.D.J.

BY ECF TO ALL COUNSEL